The next case is Jen v. Shanghai Original. Good morning, Your Honor, and may it please the Court, this is Aaron Schweitzer appearing for the appellant. This appeal arises out of a Fair Labor Standards Act case. During discovery in that case, several employees from two Chinese restaurants in Midtown and Flushing opted into the case. After discovery, the District Court dismissed the Midtown employees as dissimilarly situated to the named plaintiff, Mr. Jin, who worked in the kitchen at the Flushing restaurant. At the same time, however, also after discovery, it certified a class of employees at the Flushing restaurant, including Mr. Jin and Mr. Xin He, who had both presented testimony in discovery. Mr. He was not a named plaintiff. We distributed opt-out notices to the class members. Several opted out, but by the time the parties were preparing their pretrial order, none had come forward seeking to testify other than the already extant Mr. Jin and Mr. He. We included the class members in our witness list on the pretrial order as a contingency so that it wouldn't need to be amended if someone came forward at the 11th hour. In the event, however, that did not happen, so we were left with Mr. Jin and Mr. He's witnesses, who had been witnesses throughout discovery and throughout the class opt-out period. It was this discrepancy between the witness list and the witnesses that plaintiffs actually had available to present that the court seized upon as its reason for decertifying the class. Somehow, class members not coming forward to testify is supposed to reflect poorly on class counsel's inability to represent the class. However, class members are, of course, free to come forward or not as they wish, no matter what efforts class counsel makes to contact them, and we did make effort to contact them. One of the major benefits of participation in a class is, in fact, being free to do nothing and be represented by other class members. The court knew when it certified the class that the witnesses available to class counsel at the close of discovery were Mr. Jin and Mr. He. It may have expected that the list of available witnesses would expand in response to notice, but it not doing so is not a significant intervening event within the meaning of the Julino case that we cited in our brief. Events not going as the court expects is not a significant intervening event in itself, and events failing to change from a prior set of circumstances can certainly not be an intervening event. An intervening event requires some actual change to the circumstances, not the circumstances remaining the same. Can I just ask on the significant intervening events point, is there any precedent of our court that says a significant intervening event is necessary? Yes, Your Honor. Again, we point to Julino that was affirmed by this court in 2014 at 555 Federal Appendix 37. Did we address that point in the summary order? No, Your Honor. Because it's an interesting point. It's not in the language of the rule, and I found a good amount of district court authority, but I was just unable to track down any place where we had opined on that, so I was hoping you could help me. I believe Matse is also a summary order that we cited, but that was also a summary order affirming a district court decision. Well, either way, moving on to the merits of your argument, what was wrong with the lower court's conclusion? I mean, if you were going to call only two of 38 class members to testify, how would you be able to prove the fleshing establishment claim? Because as I understand it, there were no pay records to prove the hours that any of the class members worked. So with only two witnesses, it doesn't seem like it could have been in the interest of the class plaintiffs to go forward. That's not correct, Your Honor. There were extensive records disclosed. Those would have been authenticated by the employers who had kept them and had disclosed them during both discovery and post-certification. And also the two witnesses would have been able to testify as to their observation of other employees' hours worked. Fair enough. Go ahead. All right. I did want to address a point that came up on the appellee's brief. Appellee's point to class counsel's conduct between class certification and decertification with respect to investigating the opt-outs. However, there are two points that come up against this. First, it didn't form the basis of the court's decision to decertify. The court's decision to decertify was grounded on the discrepancy between the length of the witness list and the witnesses the plaintiff actually had available and could call. The reason we had investigated the opt-outs is we thought we spotted what were irregularities in the opt-out form. They seem to have all been mailed from near the restaurant in similar envelopes and to have not borne the identification numbers that we had sent out on the opt-out forms for those individuals who opted out. And so we thought to depose the managers and the employers at the Flushing restaurant as well as the opt-outs themselves. We conducted the depositions of the managers and the employers first. There were three of them. What we learned was that the manager had laid out copies of the last opt-out form at the restaurant that employees had taken them, discussed among themselves whether they wanted to opt out or not, and those forms rather than the forms that were mailed up. Based on those three depositions, we made the decision that very little would be learned from deposing the opt-outs themselves, and it didn't justify the cost of subpoenaing them, which moreover would have been difficult. Some of them were current employees. Some of them were former employees. But this is ultimately sided. It didn't form the basis for the court's decision. The court's decision was grounded solely in the decision in the inability to call more than two witnesses because nobody else had come forward. Even if we had deposed the opt-outs, it's not clear that they would have been added back into the class as a remedy, and being not class members themselves and having opted out, there was no indication whatsoever that they would have come forward, witnesses for the class at trial. So essentially we were left with witnesses who had actually come forward who could be presented. So you've reserved a minute of rebuttal time. We'll hear from your adversary.  May it please the court, David Horowitz for defendants' respondents. This is not the type of class action where class members can simply sit back and do nothing. Judge Ross stated in the decision certifying the flushing class that individualized testimony would be necessary, certainly in order to prove damages. And it also is clear from the record that substantial class member testimony is critical in order to prove liability. The class-wide claim that flushing had a policy of paying the flat rate pay regardless of minimum wage overtime and spread of hours. So it was known and clear that substantial testimony would be required. The judge monitored the requirements for the class, including the requirement that counsel must fairly and adequately represent the interests of the class. And one of the basic requirements is to investigate the claim. And here there were significant intervening factors and the court considered the factors and also balanced the prejudice from lack of adequate representation against prejudice from decertification. And found that prejudice from lack of adequate representation was greater. And here the judge had experience with the case, knew the attorneys and handled the motions and was in a superior position to make that call. This was not an abuse of discretion. So the factor number one is that counsel failed to investigate his own claim that defendants tampered with the class formation process. The court delayed the trial for two months and set up a schedule of depositions of defendants managers and 25 class member employees, the opt outs. And turned out counsel unilaterally canceled the depositions of all the opt outs. Without notifying the court until the next conference date. And at that time made it clear that he was abandoning the motion. So, you know, that raised a red flag was certainly significant to magistrate Judge Ornstein, who said that, you know, at this juncture, you know, there was a question of whether counsel can adequately represent the class interest. And then at that point, the case, you know, continued through the evolution of pretrial orders. And at the pretrial conference two weeks before trial before Judge Ross, you know, Judge Ross is still discussing it at that point. Counsel still has dozens of class member employee witnesses listed on his witness list that we're going to testify in person and revealed for the first time that he was only going to call to in-person witnesses, which happened to be the same witnesses, his client, Mr. Jen, he was a chef. And in view of the fact that substantial testimony is necessary in this case to establish the class claim of policy of flat rate pay. At the it was clear to the judge that counsel was not adequately representing the class. He hadn't taken steps to preserve testimony, didn't serve subpoenas. Counsel mentions that there was a cost involved in serving subpoenas, but that's part of counsel's job to, you know, commit sufficient resources. And it's not that expensive to serve a subpoena and hire a stenographer, but that wasn't done. And so in this case, there was a judge exercise discretion balanced the prejudice and found that, you know, the class was no longer meeting the requirements of Rule 23 because of lack of adequate representation by counsel. So, you know, the, you know, the counsel, Mr. Troy's office sent out class notices and it seems that, you know, they didn't do much more than that to try to make contact or communicate with class members who were there, their clients. And they didn't take steps to ascertain what the testimony would be preserved testimony or procure testimony at the trial. That is a significant intervening act as part of counsel's responsibility to zealously and competently represent his clients. And that wasn't done in this case. And as Judge Livingston questioned, is there a requirement for a significant intervening event? And, you know, here, you know, whether it's an act of commission or omission, you know, attorney has a fiduciary duty. And I think either one of those can be considered a significant intervening act. Yes, you know, they had two witnesses at the starting line, you know, when the class action was certified, but that was not enough to get to the finish line by any means in this type of case. So, you know, the district court made the correct decision. There's a third point that I raised in the brief that was not brought up by Judge Ross, but is known to this court. And that has to do with the Lynn case that was mishandled by the same counsel involving some of the same outdoubts, kitchen workers, and one of the potential class members, Mr. Jin He, whose claims were dismissed with prejudice because of the violation of the two dismissal rule and was affirmed by this court. So, I don't think there's any need to go into that in more detail, but I think it is relevant to the issues in this case and is, you know, and the record is before the court, the court can take judicial notice of that. And, you know, beyond this, I will, you know, be happy to answer questions or rest on the brief. Thank you. We'll hear rebuttal. Thank you, Your Honor. First, the point about two witnesses at both the start and the finish line. The, excuse me, the class was certified at an early practical time under Rule 23, but that early practicable time was in fact at the end of discovery in the case, which had been proceeding since 2016. Class-related discovery was taken during the discovery period. This was not the starting line. This was the finish line. And this is what the court found adequate for certification in the first place, two witnesses. With respect to contact made for, to the class members, we were relying on a list provided by the defendants for their contact information. They provided mailing information for the class members and phone and text message information for some of them. We used the latter where we could, but we didn't have it for everybody. We did maintain contact by mail and by phone and by text for when we could. It's not our fault that nobody decided to come forward. Magistrate Ornstein's colloquy with counsel at a conference isn't what the issue here. What the issue here is the decision of the district court. And the decision of the district court was not grounded in, excuse me, counsel's investigation of the opt-outs who were not part of the class and not represented. It was grounded in the discrepancy between the witness list and the witnesses available to class counsel. With respect to the point about individual testimony necessary to show a policy of underpayment, that is not true. Sorry, a policy of payment of flat rates, that is not true. That would have been shown by reference to the documents that were produced in discovery. Excuse me. And returning again to discovery, the requirement to investigate the claim is what was done during discovery. If this class had been certified very early in the case before significant discovery, then that would be a point. But the fact of it is that discovery concluded, discovery was taken with respect to the class during the course of regular discovery. And on that basis, at the finish line of discovery, the court decided to certify. There was no significant intervening event with regard to, excuse me, class information or class discovery since then that would have, that should have impacted the court's decision to decertify. Thank you. Yes, I will take the matter under advisement. Thank you both. That is the last case to be argued this morning on the calendar. So I will ask the clerk to adjourn court. Court is adjourned.